

**U.S. Department of Justice**

Civil Division, Torts Branch
Constitutional and Specialized Torts

Telephone: (202) 616-4150

*P.O. Box 7146, Washington, D.C. 20044-7146*

September 9, 2025

<u>**Via ECF**</u>
Hon. Brian Martinotti, U.S.D.J.
United States District Court
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

   Re: *Baraka v. Habba, et al.*, **Civil Action No. 25-6846**
      **Request for Pre-Motion Conference**

Dear Judge Martinotti:

  My office represents defendants Alina Habba and Ricky Patel. We write in accordance with Your Honor's individual practices to respectfully request a pre-motion conference. We anticipate filing a motion under Rules 12(b)(1) and 12(b)(6) seeking dismissal of Plaintiff's amended complaint. With the motion, we will file a certification that Habba acted within the scope of her employment. By operation of law, the certification substitutes the United States as the exclusive defendant for Plaintiff's state tort claims. The Court should dismiss the complaint because: (1) Plaintiff has failed to exhaust his administrative remedies; (2) Plaintiff's FTCA claims are barred by sovereign immunity; (3) a *Bivens* remedy is not available; and (4) Defendants are entitled to qualified and absolute immunity.

  **A. Background**

  Plaintiff Ras Baraka, Mayor of Newark, sues Acting United States Attorney Alina Habba and Homeland Security Investigations Special Agent in Charge Ricky Patel for arresting and prosecuting him without probable cause. Plaintiff also claims Habba defamed him and placed him in a false light. Plaintiff alleges that at Habba's direction, Patel arrested and initiated a prosecution against him for trespassing in a federal immigration facility, despite Plaintiff having been invited into the facility. Habba then issued a statement on social media and participated in a telephone interview on a cable television network. Plaintiff seeks compensatory and punitive damages against Defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and New Jersey tort law.

### B. The Court Lacks Jurisdiction Over Plaintiff's Tort Claims

As noted above, with the filing of the anticipated certification by a Torts Branch Director, the United States will become the sole defendant as to Counts Three (Defamation) and Four (False Light). *See* 28 U.S.C. § 2679(d)(1); *Osborn v. Haley*, 549 U.S. 225, 229–30 (2007). After that, Counts Three and Four will be "governed by the Federal Tort Claims Act (FTCA)." *Osborn*, 549 U.S. at 230. The Court should dismiss Plaintiff's defamation and false light claims for lack of subject-matter jurisdiction for two reasons.

First, Plaintiff has not exhausted his administrative remedies. Plaintiffs must exhaust their administrative remedies before filing FTCA claims. *See Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *accord McNeil v. United States*, 508 U.S. 106, 110–13 (1993). A plaintiff cannot exhaust their remedies after filing their complaint. *McNeil*, 508 U.S. at 110–13. Failure to plead exhaustion is grounds to dismiss a complaint for lack of subject matter jurisdiction. *See Prather v. Att'y Gen. of U.S.*, 443 F. App'x 766, 767 (3d Cir. 2011); *Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 (D.N.J. 2003). Furthermore, the United States' motion will include a declaration regarding Plaintiff's failure to administratively exhaust. Therefore, the Court should dismiss Counts Three and Four.

Second, Counts Three and Four of the complaint are subject to the FTCA's intentional tort exception. The FTCA does not waive sovereign immunity for claims arising out of the kind of defamatory conduct Plaintiff alleges. The FTCA is a limited waiver of sovereign immunity. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). Stated another way, the FTCA retains the United States' immunity from claims arising from libel and slander. 28 U.S.C. § 2680(h). Section 2680(h) bars claims based on the conduct the tort "arise[s] out of" rather than the label of the cause of action in the complaint. *United States v. Shearer*, 473 U.S. 52, 55 (1985). Defamation claims are categorically barred by the FTCA because they arise from false statements and must be dismissed. *Brumfield v. Sanders*, 232 F.3d 376, 382 (3d Cir. 2000). Count Four, which alleges Ms. Habba made the same "false and defamatory statements" described in Count Three, is essentially a second defamation claim. The Court should dismiss Counts Three and Four for lack of subject matter jurisdiction.

### C. A *Bivens* Remedy is Not Available

This Court should not imply a *Bivens* remedy for Plaintiff's Fourth Amendment malicious prosecution and false arrest claims. The Supreme Court and Third Circuit have radically narrowed the scope of *Bivens*, to the point that "unless a case is indistinguishable from *Bivens*, *Davis*, or *Carlson*, a damages remedy may be created by Congress, but not by the courts." *Fisher v. Hollingsworth*, 115 F.4th

197, 205 (3d Cir. 2024); *accord Egbert v. Boule*, 596 U.S. 482 (2022); *Ziglar v. Abbasi*, 582 U.S. 120 (2017); *Kalu v. Spaulding*, 113 F.4th 311 (3d Cir. 2024). If there is "*any* rational reason (even one) to think that Congress is better suited" to create a damages remedy, then a court may not extend *Bivens*. *Egbert*, 596 U.S. at 496.

This case presents a new context from *Bivens,* the only decision of the original *Bivens* trio dealing with the Fourth Amendment. This case is against a different category of defendants, *see Barry v. Anderson*, No. 22-3098, 2023 WL 8449246, at *3 (3d Cir. Dec. 6, 2023), operating under a different legal mandate, *Sheikh v. U.S. Dep't of Homeland Sec.*, 106 F.4th 918, 925 (9th Cir. 2024), who are of a different rank than the defendants in *Bivens*, *see Henry v. Essex Cnty.*, 113 F.4th 355, 362 n.5 (3d Cir. 2024), involving a "different breed of law enforcement misconduct," *Xi v. Haugen*, 68 F.4th 824, 834 (3d Cir. 2023), with a different mechanism of injury, *Farah v. Weyker*, 926 F.3d 492, 499 (8th Cir. 2019), and implicates multiple special factors not considered in *Bivens* itself, *Kalu*, 113 F.4th at 327.

There are many rational reasons for the Court to hesitate before implying a damages remedy for Plaintiff's claims. Congress has created alternative remedial safeguards for those unjustly prosecuted or convicted for offenses against the United States. *Xi*, 68 F.4th at 837. Plaintiff also could have reported the alleged misconduct to the Department of Homeland Security or Department of Justice. *Egbert*, 596 U.S. at 497. Extending *Bivens* here would also risk interference with the Executive Branch's investigatory functions. *Henry v. Essex Cnty.*, 113 F.4th 355, 363 (3d Cir. 2024). And no court could "predict the 'systemwide' consequences of recognizing a cause of action under *Bivens*" here. *Egbert*, 596 U.S. at 493 (quoting *Abbasi*, 582 U.S. at 136). Therefore, Plaintiff's *Bivens* claims should be dismissed.

### D. Defendants are Entitled to Qualified and Absolute Immunity

The Court should also dismiss the *Bivens* claims based on qualified and absolute immunity. Lack of probable cause is a required element for both false arrest and malicious prosecution claims. Because there was good reason to believe Plaintiff had broken the law, there was probable cause to arrest and prosecute him. At a minimum, the law was not clearly established that the decision to arrest and prosecute Plaintiff in this particular context violated the Fourth Amendment. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Therefore, Defendants are entitled to qualified immunity. And, to the extent Plaintiff is suing Habba for the decision to prosecute him, she is entitled to absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Should Your Honor have any questions or concerns, please do not hesitate to contact me. Thank you very much for your consideration of this matter.

- 4 -

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General

        JONATHAN D. GUYNN
        Deputy Assistant Attorney General

        C. SALVATORE D'ALESSIO, Jr.
        Director, Torts Branch

        REGINALD M. SKINNER
        Senior Trial Attorney

By:   */s/ Paul C. Quast*
        PAUL C. QUAST
        Trial Attorney
        *Attorneys for Defendants*

cc: Plaintiff's counsel (via ECF)