# BROMBERG LAW LLC

YAEL BROMBERG, ESQ., PRINCIPAL*  
T: (212) 859-5083 | F: (201) 586-0427

43 West 43rd Street, Suite 32  
New York, NY 10036-7424

P.O. Box 1131  
Glen Rock, NJ 07452-1131

October 14, 2025

Hon. Brian Martinotti, U.S.D.J.  
United States District Court  
Martin Luther King Building & U.S. Courthouse  
50 Walnut Street  
Newark, NJ 07102  
***Electronically filed on ECF***

      RE:    Response to Request for Pre-Motion Conference  
              ***Baraka v. Habba, et al.*, No. 25-6846**

Dear Judge Martinotti:

      My firm represents Newark Mayor Ras Baraka in this constitutional rights litigation for false arrest and malicious prosecution, and related state torts of defamation and false light. The Mayor commenced this litigation against the defendants, both in their individual capacities, for their involvement in his arrest for the misdemeanor crime of trespass without probable cause, and related malice-driven prosecution. While Defendant Acting U.S. Attorney for New Jersey Alina Habba dropped the charges ten days later, in the interim, she made multiple defamatory statements to the press advancing a false narrative. Upon dismissing the criminal case, the federal judge excoriated Defendant Habba's office for its abuse of power. (Am. Compl. ¶ 51.)

      This letter is offered in response to the Department of Justice's September 9, 2025 letter requesting a pre-motion conference to file a motion to dismiss. Mayor Baraka agrees that a pre-motion conference is in good order, and advises that he will seek to file an amended complaint, and to commence discovery as is the practice in the United States District Court of New Jersey, and as the interest of justice requires, based on the circumstances arising in this matter.

      Mayor Baraka represents the largest city in New Jersey, home to Delaney Hall, a controversial private detention center notorious for its poor conditions.[1] On May 9, 2025, a congressional delegation arrived at Delaney Hall pursuant to its explicit statutory authority to conduct unannounced oversight visits to facilities operated by or for the Department of Homeland Security.[2] The City of Newark had long been endeavoring to inspect the facility as well; however, the private contractor which owns and operates Delaney Hall, the GEO Group

---

[1]    See Ricardo Kaulessar, *Before Recent Delaney Hall Uprising, Detainees Frequently Complained About Conditions*, NJ.COM (June 18, 2025), https://www.northjersey.com/story/news/2025/06/18/delaney-hall-history-conditions-newark-nj-ice-facility/84149059007.

[2]    See Consolidated Appropriations Act, 2020 (Public Law 116-93), Division D – Department of Homeland Security Appropriations Act, 2020, Sec. 532, reaffirmed each year since, including Section 527(a) of the Department of Homeland Security Appropriations Act, 2024 (Public Law 118-47).

\* Licensed to practice in New Jersey, New York, and the District of Columbia

("GEO"), repeatedly refused – and continues to refuse – standard, required entry to fire, health, zoning, and building inspectors to ensure health and safety compliance with municipal laws.[3]

On May 9, 2025, the Mayor, accompanied by his security detail, including Newark Police Department officers, was undisputedly permitted entry by a GEO Group guard, who allowed passage through the secured gate surrounding the outer perimeter of Delaney Hall. Forty minutes later, Defendant Ricky J. Patel arrived on the scene with approximately 20 heavily armored agents, joining various security guards already present there. Patel suddenly threatened the Mayor with arrest should he not depart from property which Patel is neither an owner nor a representative of.[4] Although the congressional representatives objected to his ejection, the Mayor advised Patel that he would leave, and he immediately did so peacefully. The charging document, signed by Defendant Patel, includes false statements that the Mayor "unlawfully entered and remained" on the property, and key omissions of fact that Patel already knew: that the Mayor was allowed onto the property by GEO, who opened the gate for his entry and allowed him to stay there for forty minutes, and that he exited the property willfully. Defendant Habba immediately propagated a false narrative, before the Mayor was even transported from Delaney, and then on national television, claiming that he "storm[ed]" Delaney Hall "joined by a mob of people," and that he "broke into a detention facility." (Am. Compl. ¶ 39, ¶¶ 34-41).[5]

Portions of body camera video in the criminal prosecution against Congresswoman LaMonica McIver have been released since the filing of the amended complaint, substantiating the Mayor's prior account, and providing more detail of the maliciousness that animated the entire episode.[6]

The Defendants' September 9, 2025 pre-motion letter response is breathtaking in its presumption that these actions can escape any accountability by the third branch of government. The Defendants are liable for violating constitutional rights. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) (recognizing a constitutional right to sue federal officials for unreasonable search and seizure without probable cause).

The Third Circuit recently explained that the burden of whether to attach the high bar of absolute immunity to each act allegedly committed "is uniquely heavy." Fogle v. Sokol, 957

---

[3] Delaney Hall is owned by the GEO Re-Entry Group, LLC, which is the owner of record of a property and commercial building located at 451 Doremus Avenue, Newark, NJ 07105. As a property holder, the GEO Group must comply with local and state codes. However, its refusal to do so is the center of ongoing litigation. See City of Newark v. GEO Re-entry Group, LLC et al, Civ No. 2:25-2225-JKS-LDW (D.N.J. 2025).

[4] As the record will show, Delaney Hall is not a federal enclave pursuant to the Assimilative Crimes Act, 18 U.S.C. §13(a), and therefore Defendants lacked jurisdiction to effectuate the arrest against an elected official in the first place.

[5] Given the severity of these inaccuracies and the egregious constitutional violations animating this litigation, it should be noted that Mayor Baraka is African American, and that he represents a supermajority-minority municipality, with 47% Black residents and 36% Hispanic or Latino residents.

[6] See United States v. McIver, Crim No. 25-00388-JKS (D.N.J. 2025). See also Rachel Maddow Show, MSNBC (Sept. 29, 2025), https://www.facebook.com/share/v/1PL1dqkxTL/ (spotlighting new bodycam footage released by federal court in McIver criminal case, of the May 9, 2025 arrest of Newark Mayor Ras Baraka at Delaney Hall).

F.3d 148, 160 (3d. Cir. 2020), quoting Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008). Asserting an immunity defense early in litigation is subject to a more rigorous standard because the allegations set out in the complaint are assumed to be true. Thus, the focus is on "the defendant's conduct *as alleged in the complaint* . . . Meaning [that] to earn the protections of absolute immunity, a defendant must show that the conduct triggering absolute immunity 'clearly appear[s] on the face of the complaint.'" Fogle, 957 F.3d at 160-161 (internal references omitted). Notably, the inquiry is inherently a "fact specific analysis" and immunity is "neither one-size-fits-all, nor a one-way street." Id. at 160-162. The Supreme Court is also unequivocal that absolute immunity does not apply to a prosecutor's out-of-court statements, such as those made to the press, nor to a prosecutor's advice to police during a criminal investigation. See e.g., Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Van de Kamp v. Goldstein, 555 U.S. 335 (2008). See also Wearry v. Foster, 33 F.4th 260, 268 (5th Cir. 2022) ("[T]he function performed by a prosecutor in fabricating evidence is evidence *creation*, which is not part of the advocate's role, but a corruption of the investigator's function of 'searching for clues and corroboration.'").

The Defendants' reliance on the Federal Torts Claims Act ("FTCA") is curious, since the statute was not pled. The amended complaint alleges that Defendant Habba's statements were made outside of the scope of her duties. As the Third Circuit reminds, state law directs the inquiry. Vanderklok v. United States, 868 F.3d 189, 203 (3d Cir. 2017). In New Jersey, "with respect to [ ] intentional torts, the theory of *respondeat superior* does not apply." Hoag v. Brown, 397 N.J. Super. 34, 53-54 (A.D. 2007). See also Langley v. United Airlines, Inc., 2024 WL 3219295 (D.N.J. 2024), relying on Davis v. Devereux Found., 209 N.J. 269 (2012). This is inherently a fact-based analysis, not to be summarily done away with via substitution of the United States and then dismissal. "[C]laims against an *egregiously erring government employee* [cannot] be dismissed on sovereign immunity grounds" through the substitution of the United States. Vanderklok, 868 F.3d at 204 (emphasis added).[7]

Nor does this litigation concern a new *Bivens* context, as Defendants argue. "[F]ollowing [the United States Supreme] Court's precedents, the Districts Courts and Courts of Appeals have decided numerous cases involving Fourth Amendment claims under §1983 for malicious prosecution." Thompson v. Clark, 596 U.S. 36, 42 (2022) (string citation omitted). "[N]early every other Circuit has held that malicious prosecution is actionable under the Fourth Amendment to the extent that the defendant's actions cause the plaintiff to be 'seized' without probable cause." Id. (reference omitted). Claims of malicious prosecution must show that the proceedings were initiated "without probable cause" and that the defendants "acted maliciously for a purpose other than bringing the plaintiff to justice." Zimmerman v. Corbett, 873 F.3d 414 (3d Cir. 2017). Those circumstances are immediately present here.

We look forward to Your Honor's guidance as to the arrangement of a pre-motion conference.

---

[7] Although this suit is brought against Defendants in their individual capacity, it should be noted that Defendant Habba's present authority is currently before the Third Circuit Court of Appeals. See Jake Maher, *NJ US Atty Appointment Was a 'Shell Game,' 3d Circ. Told*, LAW 360 (Oct. 8, 2025), https://www.law360.com/articles/2397348/.

BROMBERG LAW LLC											Plaintiff's Letter Response
															October 14, 2025
															Page 4

Best,

_____
Yael Bromberg, Esq.


*On behalf of Plaintiff Mayor of Newark Ras Baraka*